IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Deerfield Plantation Phase II-B Property Owners Association, Inc., ) ) ) | Civil Action No.: 4:09-cv-01023-RBH |
| Plaintiff, ) ) ) | |
| v. ) ) | **ORDER** |
| United States Army Corps of Engineers, Charleston ) District; Lt. General Robert L. Van Antwerp, *in his* ) *official capacity as Chief of Engineers, U.S. Army* ) *Corps of Engineers*; Lt. Colonel Trey Jordan, *in his* ) *official capacity as District Engineer, U.S. Army* ) *Corps of Engineers, Charleston District*; ) United States Environmental Protection Agency; ) Lisa P. Jackson, *in her official capacity as* ) *Administrator of the U.S. Environmental Protection* ) *Agency*; A. Stanley Meiburg, *in his official capacity* ) *as Acting Regional Administrator, Region IV, U.S.* ) *Environmental Protection Agency*; ) Deertrack Golf, Inc.; ) ) Defendants. ) _____) | |

Plaintiff Deerfield Plantation Phase II-B Property Owners Association, Inc. ("Deerfield") brought this suit pursuant to 33 U.S.C. § 1365(a)(2), challenging a determination by the United States Army Corps of Engineers ("Corps") that it had jurisdiction and regulatory authority, under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, over only 0.37 acres (920.07 linear feet) of waters on property owned by Deertrack Golf, Inc., ("Deertrack") in Horry County, South Carolina. Deerfield argued that additional certain ponds and channels on that property should also have been considered "waters of the United States" and thus subject to the Corps' jurisdiction and regulatory authority under the CWA. On May 25, 2011, the court held a hearing on cross-motions for summary

judgment.[1] On July 12, 2011, the court granted the Federal Defendants' Motion for Summary Judgment, denied the other summary judgment motions, and dismissed this case with prejudice. *See* July 12 Order [Docket Entry 76] at 30.

This matter is now before the court with Deertrack's [Docket Entry 79] Amended Motion for Attorney's Fees filed on July 26, 2011. Deerfield filed its [Docket Entry 81] Response in Opposition to the motion on August 12, 2011, to which Deertrack filed its [Docket Entry 84] Reply on August 22, 2011. For the reasons set out below, the court denies Deertrack's Motion for Attorney's Fees.[2]

## Background

Deertrack owns land in Horry County, South Carolina, including an 84.96-acre parcel known as the Old South Golf Course ("Deerfield Tract"). In or around 2005, Deertrack closed the Old South Golf Course and entered into a purchase contract with Bill Clark Homes of Myrtle Beach ("BCH") for the sale of the Deerfield Tract. BCH intended to redevelop the Deerfield Tract as a residential subdivision. In connection with this redevelopment plan, on February 13, 2006, a consultant for BCH submitted a request for a jurisdictional determination ("JD") by the Corps as to whether the Deerfield Tract contained "waters of the United States" subject to jurisdiction under Section 404 of the CWA. *See* Administrative Record ("A.R.") at 372. On August 3, 2006, the Corps notified BCH that the Deerfield Tract did "not contain any wetland areas or other waters of the

---

[1] Deerfield filed its [Docket Entry 52] Motion for Summary Judgment on September 30, 2010. Deertrack filed its own [Docket Entry 57] Motion for Summary Judgment on November 15, 2010. Also on November 15, 2010, the Corps, along with the United States Environmental Protection Agency ("EPA") and the other remaining defendants, ("Federal Defendants") filed their [Docket Entry 58] Motion for Summary Judgment.

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary

United States." *Id.* at 362. That 2006 JD provided that it would be valid for five (5) years "unless new information warrant[ed] revision . . . before the expiration date." *Id.*

On April 16, 2009, Deerfield filed the instant suit against the Federal Defendants, including the Corps and EPA, and Deertrack, which challenged the Corps' 2006 JD. *See* Compl. [Docket Entry 1] at 1. On August 21, 2009, the parties jointly moved to voluntarily remand the action so that the Corps could "reconsider" its 2006 JD. *See* Joint Motion to Remand [Docket Entry 32]. The court granted that motion on the same date. *See* Aug. 21, 2009 Order [Docket Entry 33].

On March 17, 2010, the Corps issued the superseding JD ("2010 JD") that was at issue in the cross-motions for summary judgment and subject to review in this case. The 2010 JD addressed 84.96 acres[3] of the Old South Golf Course ("Deerfield Tract"), and ultimately asserted CWA jurisdiction over two non-navigable tributaries of the Atlantic Ocean located on the Deerfield Tract that totaled 920.07 linear feet (or approximately 0.37 acres). A.R. at 2, 4-6. These "waters of the United States" are shaded on the map appended to the 2010 JD. *Id.* at 10. The Corps found that the remaining water bodies on the Deerfield Tract, which were a series of ponds interconnected by a series of ditches and swales, were not "waters of the United States." *Id.* at 6-8.

In its July 12 Order, this court ultimately concluded that "the methodology and procedures used by the Corps to arrive at its decision, as well as its findings and conclusions, were reasonable and not arbitrary and capricious. Therefore, the court f[ound] that the Corps' 2010 JD was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." July 12 Order

---

[3] The parties agreed during the summary judgment hearing that although the 2010 JD relates to the approximately 84.96 acres comprising the Deerfield Tract, the majority of those acres are dry land which Deerfield conceded was not subject to jurisdiction under the CWA. Rather, only those remaining *water features* on the Deerfield Tract were truly at issue in this matter.

3

at 29-30.  Accordingly, the court granted the Federal Defendants' Motion for Summary Judgment and dismissed the case. *See id.* at 30.

### Discussion

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees.  Congress has provided only limited exceptions to this rule under selected statutes granting or protecting various federal rights." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (internal citations and quotations omitted).  Section 1365, United States Code, Title 33, which governs citizen suits under the CWA, is one such statute.  Section 1365(d) provides that "[t]he court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate. . . ."

When a defendant is the prevailing party, the court should award attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.*, 434 U.S. at 421; *see also DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999).  "Fees cannot be awarded simply because the plaintiff lost at trial.  Otherwise, plaintiffs with legitimate, but not airtight, claims would be discouraged from pursuing such claims." *Sierra Club v. Cripple Creek & Victor Gold Mining Co.*, 509 F. Supp. 2d 943, 950 (D. Colo. 2006); *see also Nat'l Wildlife Fed'n v. Consumers Power Co.*, 729 F. Supp. 62, 64 (W.D. Mich. 1989).  The United States Supreme Court has cautioned that "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421-22.

Here, Deertrack seeks an award of attorney's fees in the amount of $87,614.49. *See* Am. Motion for Fees at 2; Exhibit [Docket Entry 79-1]. None of the parties appear to dispute that Deertrack is a "prevailing party" under § 1365(d). Rather, the issue is whether it would be appropriate to grant Deertrack an award of attorney's fees as a "prevailing defendant" in this matter. Deertrack generally contends that it is entitled to an award of attorney's fees based on "the high deference accorded to decisions of federal agencies under the Administrative Procedures Act," "the lack of proof presented by [Deerfield] in this case," and "the pattern of behavior by [Deerfield], its members and its counsel related to the golf course." Memo. in Support. [Docket Entry 79-2] at 2. On the other hand, Deerfield argues that attorney's fees should not be awarded to Deertrack in light of the fact that "the Corps chose to voluntarily remand this action to reassess its decision in light of [Deerfield's] complaint, that the U.S. Army Corps of Engineers [] voluntarily modified its decision in [Deerfield's] favor, [and] that [Deerfield] presented the reports of an expert who worked for the Corps for over a decade and fully backed [Deerfield's] claims." Response in Opp. at 1-2. Upon review, the court concludes that Deertrack should not be awarded attorney's fees as a "prevailing defendant," as it has failed to show that Deerfield's claims were "frivolous, unreasonable, or without foundation."

First and foremost, the Corps modified its JD of the Deerfield Tract in Deerfield's favor after the original Complaint was filed in this matter. Specifically, after Deerfield filed this lawsuit challenging the Corps' 2006 JD that no "waters of the United States" were present on the Deerfield Tract, the defendants agreed to voluntarily remand the matter so that the Corps could "reconsider" that 2006 JD. Deerfield asserted in the Complaint that the water bodies on the Deerfield Tract should be considered jurisdictional "waters of the United States." Upon remand, the Corps issued

a superseding JD, the 2010 JD, in which the Corps ultimately determinated that some of the waters located on the Deerfield Tract did, in fact, constitute "waters of the United States."

Second, in arguing that the Corps' 2010 JD was arbitrary and capricious, Deerfield did provide evidence in support of its claim that the waters located on the Deerfield Tract should be considered "waters of the United States." Most notably, Deerfield provided the deposition testimony and report of its own environmental expert, Jake Duncan, who concluded that the Deerfield Tract was excavated, at least partially, from wetlands and should be considered jurisdictional under the CWA. In light of this evidence, as well as the voluntary remand and superseding JD by the Corps, this court is unable to conclude that Deerfield's claims were "frivolous" or "without foundation."

Finally, while the court is fully aware of the litigation history between these parties,[4] even if those other actions were relevant in this attorney's fees determination, the court still concludes, for the reasons discussed in this Order, that Deerfield's claims were not "frivolous, unreasonable, or without foundation."

## Conclusion

For the reasons stated above, Defendant Deertrack's Amended Motion for Attorney's Fees is **DENIED**.

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
October 17 , 2011

---

[4] Deertrack, in its Memorandum in Support of Attorney's Fees, indicated that this was "the third lawsuit initiated by [Deerfield] against Deertrack," Memo. in Supp. at 2, and also listed the other previous lawsuits between the two parties, *see id.* at 2 n.2.